or rather his right to recover it in such proceeding only, for this is the extent of the covenant; and we think it has no application, and cannot properly be extended to an action of ejectment.

The result is, therefore, that if this covenant is valid (of which there may be room for doubt when applied to such a state of facts as is here shown), it does not help the plaintiff in this action of ejectment; if not valid it would not help him in this or any other case. In either event he has failed to show any thing which tends to establish a title or right of possession upon which he can maintain ejectment, or any state of facts which estops the defendant from denying his title or right of possession. He, therefore, made no case upon the evidence upon which it would have been competent for the jury to find a verdict in his favor.

The charge of the Court, so far as it was in conflict with the principles or the result above stated, was erroneous.

The judgment must be reversed with costs and a new trial awarded.

The other Justices concurred.

———◇———

## Henry S. Hill v. John Bowers.

*Practice in the Supreme Court: Notice of motion.* A motion to dismiss a writ of error, in a cause not on the docket of the term when the motion is made, will not be heard without notice.

*Heard and decided October 4.*

*J. B. Shipman* moves to dismiss the writ of error in this cause, for the reason that no notice of issuing it had been given as required by Rule 10 of this Court. The

cause was not on the docket for this term, and no notice of this motion had been given.

THE COURT held that the motion could not be heard without notice.